COZEN O'CONNOR
Valerie D. Rojas (Bar No.180041)
vrojas@cozen.com
601 South Figueroa Street, Suite 3700
Los Angeles, California 90017-5556
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN HAMERSLAG, and, PERSPECTIUM CORP.,<br><br>    Defendants. | CASE NO. **'23CV0780 JLS  AHG**<br><br>**COMPLAINT** |

For its Complaint against Defendants Steven Hamerslag and Perspectium Corp. ("Perspectium" and, together with Hamerslag, "Defendants"), Scottsdale Insurance Company ("Scottsdale") alleges as follows:

## **NATURE OF THE CASE**

1.  This is an insurance coverage dispute arising out of an insurance policy (the "Policy") issued by Scottsdale to Perspectium. Subject to its terms, conditions, exclusions, and endorsements, the Policy provides coverage for certain claims first made against Perspectium or other "Insureds" during its "Policy Period."

2. On April 4, 2022, Hamerslag and an uninsured entity were sued in a lawsuit (the "Underlying Lawsuit") by David Loo, Sarah Loo, and their family trust—the Loo Family Trust (collectively, the "Underlying Plaintiffs"). The Underlying Lawsuit alleges that as a director of Perspectium, Hamerslag improperly orchestrated a merger of that company—which David Loo founded—with another entity, followed by a private sale of the merged entity to enrich himself to the detriment of the Underlying Plaintiffs.

3. Defendant Hamerslag submitted the Underlying Lawsuit to Scottsdale for coverage under the Policy as well as to other insurers of other insurance policies.

4. Scottsdale denied the requested coverage because the Policy excludes coverage pursuant to an "Insured vs. Insured Exclusion" for any Claim brought or maintained by, on behalf of, in the right of, or at the direction of any Insured in any capacity, whether or not collusive. David Loo and Sarah Loo are both Insureds under the Policy, and the Loo Family Trust is a plaintiff in the Underlying Lawsuit at the direction of one or both of them, triggering the exclusion.

5. By this lawsuit, Scottsdale seeks a declaration that the Policy does not afford any coverage to Defendants for defense or indemnity of the Underlying Lawsuit.

**PARTIES**

6. Scottsdale is an Ohio corporation with its principal place of business in Scottsdale, Arizona.

7. Upon information and belief, Defendant Steven Hamerslag is an individual residing in California.

8. Upon information and belief, Perspectium is a defunct California corporation with its principal place of business in Texas.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between

Scottsdale and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### *The Policy*

11. Scottsdale issued the Policy—Business and Management Indemnity Policy, No. EKS3334543—to Perspectium for the original "Policy Period" of June 15, 2020 to June 15, 2021. A true and accurate copy of the Policy is attached hereto as Exhibit 1. Pursuant to Endorsement No. 42, the Policy was converted to run-off coverage for the period June 1, 2021 to June 1, 2024.

12. The Policy is a "claims-made-and-reported policy" that includes a coverage section labeled as the "Directors and Officers and Company Coverage Section" (the "D&O Coverage Section").

13. The D&O Coverage Section includes three insuring clauses.

14. Insuring Clause Section A.1. of the D&O Coverage Section provides:

> The **Insurer** shall pay the **Loss** of the **Directors and Officers** for which the **Directors and Officers** are not indemnified by the **Company** and which the **Directors and Officers** have become legally obligated to pay by reason of a **Claim** first made against the **Directors and Officers** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

(Policy, D&O Coverage Section, § A.1.) (bold original).

15. Insuring Clause Section A.2. of the D&O Coverage Section provides:

> The **Insurer** shall pay the **Loss** of the **Company** for which the **Company** has indemnified the **Directors and Officers** and which the **Directors and Officers** have become legally obligated to pay by reason of a **Claim** first made against the **Directors and Officers** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant

to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

(Policy, D&O Coverage Section, § A.2.) (bold original).

16. Insuring Clause Section A.3. of the D&O Coverage Section provides:

The **Insurer** shall pay the **Loss** of the **Company** which the **Company** becomes legally obligated to pay by reason of a **Claim** first made against the **Company** during the **Policy Period** or, if applicable, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

(Policy, D&O Coverage Section, § A.3.) (bold original).

17. The D&O Coverage Section defines "Insureds" to include the "Company" and the "Directors and Officers." (Policy, D&O Coverage Section, § B.5.).

18. The "Company" is defined as the "Parent Company"—i.e., Perspectium—and any "Subsidiary." (Policy, General Terms and Conditions, § B.2. & B.7.).

19. The term "Directors and Officers" includes "any person who was, now is, or shall become" (a) "a duly elected or appointed director, officer, or similar executive of the **Company**, or any member of the management board of the **Company**[.]" (Policy, D&O Coverage Section, § B.4.) (bold original).

20. Section F. of the General Terms and Conditions of the Policy further states: "The estates, heirs, legal representatives, assigns, spouses and Domestic Partners of natural persons who are Insureds shall be considered Insureds under this Policy; provided, however, coverage is afforded to such estates, heirs, legal representatives, assigns, spouses and Domestic Partners only for a Claim arising solely out of their status as such and, in the case of a spouse or Domestic Partner, where the Claim seeks damages from marital community property, jointly held property or property transferred from the natural person who is an Insured to the spouse or Domestic Partner." (Policy, General Terms and Conditions, § F.).

21. The D&O Coverage Section includes an "Insured vs. Insured Exclusion," applicable to all Insuring Clauses, which provides, in pertinent part:

> **Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim**… brought or maintained by, on behalf of, in the right of, or at the direction of any **Insured** in any capacity, any **Outside Entity** or any person or entity that is an owner of or joint venture participant in any **Subsidiary** in any respect and whether or not collusive[.]

(Policy, D&O Coverage Section, § C.1.e.) (bold original).

### *The Underlying Lawsuit*

22. On April 4, 2022, Defendants were named as defendants in the Underlying Lawsuit (*Loo, et al. v. Hamerslag, et al.*, No. 22-2-04800-0 SEA, Superior Court of King County, Washington) filed by the Underlying Plaintiffs. A true and accurate copy of the complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached hereto as Exhibit 2.

23. The Underlying Complaint alleges that Mr. Loo founded Perspectium in 2013 and served as its Chief Executive Officer and as a director.

24. The Underlying Complaint also alleges that Defendant Hamerslag became a director of Perspectium when his company—TVC Capital, LLC ("TVC")—invested $16 million in Perspectium.

25. The Underlying Complaint further alleges that, in late 2020, Defendant Hamerslag began orchestrating a merger between Perspectium and BitTitan, Inc. ("BitTitan")—a company in which TVC had invested $15 million and for which Defendant Hamerslag served as a director.

26. At the time, according to Underlying Plaintiffs, Defendant Hamerslag secretly intended to liquidate TVC's investments in Perspectium and BitTitan by having BitTitan enter into a private sale after acquiring Perspectium. Defendant Hamerslag allegedly did not recuse himself from the negotiations.

27. Underlying Plaintiffs further allege that Defendant Hamerslag

5

intentionally overvalued BitTitan's stock for purposes of merging BitTitan and Perspectium. Underlying Plaintiffs also allege that, after the merger, BitTitan was sold to Idera, Inc. on terms advantageous to legacy BitTitan shareholders (including TVC) and disadvantageous to legacy Perspectium shareholders, such as the Underlying Plaintiffs.

28. The Underlying Plaintiffs brought the following causes of action against Defendant Hamerslag: (i) breach of fiduciary duty, (ii) aiding and abetting breach of fiduciary duty, (iii) negligent misrepresentation, (iv) interference with contractual relations, and (v) interference with prospective economic advantage.

29. On February 15, 2023, the court in the Underlying Lawsuit dismissed with prejudice all causes of action against Defendant Hamerslag besides the cause of action for breach of fiduciary duty, which remains pending.

### *The Coverage Dispute*

30. Defendant Hamerslag submitted the Underlying Lawsuit to Scottsdale for coverage under the Policy.

31. By letter dated June 13, 2022, Scottsdale denied coverage for the Underlying Lawsuit based upon the Insured vs. Insured Exclusion. Scottsdale otherwise fully reserved its rights under the Policy and applicable law. A true and accurate copy of Scottsdale's June 13, 2022 letter is attached hereto as Exhibit 3.

32. Defendant Hamerslag continues to seek coverage for the Underlying Lawsuit under the Policy.

33. Scottsdale now seeks a declaratory judgment as to application of the Insured vs. Insured Exclusion.

### COUNT I: DECLARATORY JUDGMENT

34. Scottsdale repeats and realleges the allegations contained in paragraphs 1-33 as if fully set forth herein.

35. The Underlying Plaintiffs brought the Underlying Lawsuit against Defendant Hamerslag for causes of action related to his conduct surrounding the transactions between Perspectium, BitTitan, and Idera, Inc.

36. Mr. Loo, one of the Underlying Plaintiffs, is a former director and officer of Perspectium, making him an Insured under the Policy.

37. Ms. Loo, one of the Underlying Plaintiffs, is a former director and/or officer of Perspectium and/or the spouse of an Insured, making her an Insured under the Policy.

38. The Loo Family Trust is a trust created by and for Mr. Loo and Ms. Loo, which brought the Underlying Lawsuit at the direction of Mr. Loo and Ms. Loo, both Insureds under the Policy.

39. The Insured vs. Insured Exclusion bars coverage for the Underlying Lawsuit because it constitutes a Claim "brought or maintained by, on behalf of, in the right of, or at the direction of any Insured in any capacity[.]"

40. No exception to the Insured vs. Insured Exclusion applies.

41. As the Named Insured, Perspectium maintains an interest in this lawsuit.

42. An actual, present, and justiciable controversy exists concerning coverage for Underlying Lawsuit.

43. The entry of a declaratory judgment with respect to coverage regarding the Underlying Lawsuit, particularly as to application of the Policy's Insured vs. Insured Exclusion, is necessary and would be effective to resolve the controversy between the parties.

44. Accordingly, Scottsdale respectfully requests that the Court enter judgment declaring that no coverage is available to Defendants under the Policy for the Underlying Lawsuit.

45. The filing of this Complaint is not intended to and does not constitute a waiver of any of Scottsdale's rights, remedies, and defenses under the Policy or at law. Additional conditions, limitations, and exclusions of the Policy may exclude or

limit coverage for the Underlying Lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE**, Scottsdale prays that this Court enter an Order:

1. Declaring that the Insured vs. Insured Exclusion bars coverage for the Underlying Lawsuit under the Policy and, as a result, Scottsdale has no duty to defend and/or indemnify Defendants under the Policy in connection with the Underlying Lawsuit;

2. Awarding Scottsdale its costs and expenses, together with pre- and post-judgment interest to the greatest extent allowed by law; and

3. Awarding Scottsdale all other relief that the Court deems just and equitable.

DATED: April 27, 2023					COZEN O'CONNOR

						By: /s/ Valerie D. Rojas
						Valerie D. Rojas
						Attorneys for Plaintiff
						SCOTTSDALE INSURANCE COMPANY