F. Phillip Hosp V (SBN 316372)
Email: phosp@foley.com
Mikle Jew (SBN 316372)
Email: mjew@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213.972.4500
Facsimile: 213.486.0065

Attorneys for Defendant
PERSPECTIUM CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>STEVEN HAMERSLAG, and PERSPECTIUM CORP.,<br>        Defendants. | Case No: 23-CV-0780-JLS-AHG<br><br>**DEFENDANT'S NOTICE OF AND MOTION TO SET ASIDE ENTRY OF DEFAULT OR, ALTERNATIVELY, MOTION TO DISMISS**<br><br>[Supporting Declarations and [Proposed] Order Filed Concurrently Herewith]<br><br>Date:  August 10, 2023<br>Time:  1:30 p.m.<br>Ctrm:  4D<br>Judge: Janis L. Sammartino |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................7
II. FACTUAL AND PROCEDURAL SUMMARY........................................................8
    A. The Lawsuit Filing ..................................................................................8
    B. Purported Service ....................................................................................8
    C. Perspectium Did Not Willfully or Deliberately Refuse to Answer the Complaint .................................................................................................9
    D. Plaintiff Seeks a Default..........................................................................9
    E. Perspectium's Attempts to Resolve the Issues on This Motion......................9
III. LEGAL STANDARDS FOR SETTING ASIDE ENTRY OF DEFAULT............10
IV. THE COURT SHOULD SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST PERSPECTIUM..................................................................................11
    A. Plaintiff Will Not Be Unfairly Prejudiced ........................................................11
    B. Perspectium Has a Meritorious Defense to the Underlying Declaratory Judgment Claim.......................................................................................12
    C. Perspectium's Conduct Was Not Culpable ....................................................13
V. ALTERNATIVELY, THE COURT SHOULD DISMISS THE CASE BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH FED. R. CIV. p. 4......................14
VI. CONCLUSION.......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Arrow Elecs., Inc. v. E.ON AG*,
  2006 WL 8450450 (C.D. Cal. Sept. 5, 2006) .................................................................. 16

*Falk v. Allen*,
  739 F.2d 461 (9th Cir. 1984) .......................................................................................... 10

*Grillo v. Nat'l Geographic Soc'y*, No. 92-56063, No. 92-56420,
  1994 U.S. App. LEXIS 9426 (9th Cir. Apr. 21, 1994) ................................................... 15

*Hawaii Carpenters' Tr. Funds v. Stone*,
  794 F.2d 508 (9th Cir. 1986) .......................................................................................... 12

*Hawkins v. Bank of Am., N.A.*,
  2018 WL 3426218 (S.D. Cal. July 16, 2018) ................................................................. 11

*Mendoza v. Wight Vineyard Mgmt.*,
  783 F.2d 941 (9th Cir. 1986) .......................................................................................... 11

*Pincay v. Andrews*,
  389 F.3d 853 (9th Cir. Nov. 15, 2004) ........................................................................... 14

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380 (1993) ................................................................................................. 13, 14

*TCI Group Life Ins. Plan v. Knoebber*,
  244 F.3d 691 (9th Cir. 2001) .................................................................................... 11, 13

*Torres v. Estate of Hill*,
  2007 WL 1975440 (S.D. Cal. Apr. 18, 2007) ................................................................ 12

*United States v. Aguilar*,
  782 F.3d 1101 (9th Cir. 2015) .................................................................................. 10, 12

STATE CASES

*J. C. Peacock, Inc. v. Hasko*,
  184 Cal. App. 2d 142 (1960) .......................................................................................... 16

*Kirschner Bros. Oil, Inc. v. Natomas Co.*,
  185 Cal. App. 3d 784 (1986) .......................................................................................... 16

*Moe v. Transamerica Title Ins. Co.*,
  21 Cal. App. 3d 289 (1971) ................................................................................ 16

*Montrose Chem. Corp. v. Superior Court*,
  6 Cal. 4th 287 (1993) ........................................................................................ 12

*Petrini v. Mohasco Corp.*,
  61 Cal. App. 4th 1091 (1998) ............................................................................ 16

*Rubio v. CIA Wheel Group*,
  63 Cal. App. 5th 82 (2021) ................................................................................ 16

*Scottsdale Ins. Co. v. MV Transp.*,
  36 Cal. 4th 643 (2005) ................................................................................ 12, 13

STATE STATUTES

Cal. Corp. Code § 190 .......................................................................................... 16

Cal. Corp. Code § 1107 ........................................................................................ 16

Cal. Corp. Code § 202 .......................................................................................... 15

Cal. Corp. Code §1502 ......................................................................................... 15

Cal. Corp. Code §2105 ......................................................................................... 15

Cal. Corp. Code §2107 ......................................................................................... 15

FEDERAL RULES

Fed. R. Civ. P. 4(c)(1) ........................................................................................... 15

Fed. R. Civ. P. 4(h) ............................................................................................... 15

Fed. R. Civ. P. 4(m) ........................................................................................ 14, 15

Fed. R. Civ. P. 12(b)(5) ......................................................................................... 14

Fed. R. Civ. P. 55(c) ............................................................................................. 10

Fed. R. Civ. P. 60(b) ............................................................................................. 10

Fed. R. Civ. P. 60(b)(6) ......................................................................................... 10

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 10, 2023 at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Janis L. Sammartino in Courtroom 4D of the United States District Court, Southern District of California, located at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, Defendant Perspectium Corp. ("Perspectium") will, and hereby does, respectfully move this Court to set aside the default entered against Perspectium by the Clerk on June 28, 2023 (the "Motion").

This Motion is brought on the grounds that (1) Perspectium did not intentionally fail to answer the Plaintiff Scottsdale Insurance Company's ("Plaintiff") complaint, (2) Perspectium has a meritorious defense to the underlying merits argument over declaratory relief, and (3) Plaintiff will not be unfairly prejudiced if the default is set aside.

Alternatively, Perspectium moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(5) based on Plaintiff's failure to comply with Rule 4 due to its failure to properly serve a copy of the complaint along with the summons in a timely manner on Perspectium.

This Motion is made pursuant to this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Mikle S. Jew ("Jew Decl."), the concurrently filed Declaration of Joseph Horzepa and the accompanying exhibits thereto, the concurrently filed [Proposed] Order, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

Prior to filing the Motion, counsel for Perspectium notified Plaintiff's counsel of Perspectium's intent to file the Motion and offered to discuss alternatives that would avoid motion practice. (Jew Decl., ¶ 2.)  At the time of filing of the Motion, Plaintiff's counsel had not responded. (*Id*.)

///

Dated: July 7, 2023

Respectfully Submitted,

By: /s/ Mikle Jew
F. Phillip Hosp V, CA Bar No. 265225
Email: phosp@foley.com
Mikle Jew (SBN 316372)
Email: mjew@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone:  213.972.4500
Facsimile:   213.486.0065

Attorneys for Defendant
PERSPECTIUM CORP.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

There can be no valid dispute that, at a minimum, the default entered against Defendant Perspectium Corp. ("Perspectium") in this case by the Clerk on June 28, 2023 should be set aside. In analyzing a motion to set aside a default pursuant to Federal Rule of Civil Procedure 60b, the Court considers (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. All those factors warrant setting aside the default here.

Specifically, as demonstrated by the supporting Declaration of Joseph Horzepa ("Horzepa Declaration/Decl.") and the exhibits thereto which were filed concurrently herewith:

1. Plaintiff has suffered no unfair prejudice by the short delay between the date the response to the complaint would have been due had service been effected properly and the date it will be due once the default is set aside.
2. Defendant has a meritorious defense to the underlying declaratory judgment claim under California law.
3. The Perspectium entity served, as vaguely described in the Complaint, no longer exists, and the existing Perspectium entity is incorporated in Delaware. Its registered agent in Delaware and business particulars are easily discoverable. Perspectium was not served through its agent registered in Delaware. Thus, service was ineffective under Rule 4.

Although this action was initiated on April 27, 2023, and Plaintiff represented to the Court in its request to enter default [ECF No. 6] that it personally served Perspectium with the Complaint on May 12, 2023, Perspectium's General Counsel, Joseph Horzepa, did not know about this lawsuit until July 1, 2023. He does not recall ever seeing any notification of service from Perspectium's for agent for service of process in California, CSC-Lawyers Incorporating Service ("CSC"), prior to July 1 and only located a notice on July 6, 2023, after searching subfolders in his office email system. In contrast, counsel for

1  Plaintiff in this matter was obviously fully aware of the litigation in Washington State
2  that is at the core of this declaratory judgment action and could have contacted the
3  company for a waiver of service pursuant to Rule 4. Without knowledge of that
4  notification, Idera, Inc. ("Idera"), Perspectium's parent company, and its representatives
5  had no reason to check for documents served upon Perspectium's former agent in
6  California. Thus, it was mere inadvertence that led to Perspectium's default on June 28,
7  2023.
8       For these reasons, the default should be set aside. Alternatively, it should be
9  dismissed under Rule 12(b)(5) for Plaintiff's failure to properly serve Perspectium.

## II. FACTUAL AND PROCEDURAL SUMMARY

### A. The Lawsuit Filing

Plaintiff filed its Complaint on April 27, 2023. (ECF No. 1 ("Complaint/Compl.").) This is an insurance coverage specification case in which Plaintiff attempts to preclude insurance coverage of Perspectium or Steven Hamerslag ("Hamerslag") under an insurance policy between Plaintiff and Perspectium. (*Id*. at ¶¶ 1-5.)

### B. Purported Service

According to the Proof of Service of Summons filed by Plaintiff [ECF No. 4], a process server personally delivered the Complaint and Summons to "CSC-LAWYERS INCORPORATING SERVICE, AGENT FOR SERVICE OF PROCESS, BY SERVING KOY SAECHAO, INTAKE SPECIALIST/AUTHORIZED TO ACCEPT SERVICE OF PROCESS" at "2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833" on May 15, 2023. Koy Saechao with CSC was listed as an agent for service of process on the California Secretary of State's website when Perspectium was in existence in California ("Perspectium CA"). (*See* Horzepa Decl., ¶ 3, **Exhibit A-2** (The California Secretary of State's Current Status Documents for Perspectium CA).)

However, Perspectium CA had already merged into a new corporation (also called Perspectium) out of Delaware ("Perspectium DE") in 2022 following Perspectium CA's acquisition by BitTitan, Inc. ("BitTitan"), now a subsidiary of Idera on October 26, 2021.

8

(*See* Horzepa Decl., ¶ 3, **Exhibit A-2**.) Perspectium CA's merger into Perspectium DE caused Perspectium CA to cease to exist as a distinct legal entity in California on February 16, 2022, when the certificate of merger was filed with California's Secretary of State. *Id.* That merger occurred prior to when service was attempted.

### C. Perspectium Did Not Willfully or Deliberately Refuse to Answer the Complaint

Perspectium did not timely respond to the Complaint in this matter due to simple inadvertence and a technological mishap. While CSC sent an email to Horzepa on May 16, 2023, which included a notice of service of Plaintiff's Complaint papers, Horzepa's email software automatically filtered out that email such that it never went to Horzepa's inbox. (Horzepa Decl., ¶ 6.) As a result, the only notification of service from CSC in California related to this matter was never viewed by anyone at Perspectium or its affiliates. (*Id.* at ¶¶ 4–6.) Perspectium's general counsel was not even aware that Perspectium CA's former agents in California had received documents on behalf of Perspectium, let alone that Plaintiff had filed suit and contended that Perspectium had been served properly without an answer. (*Id.*) Had Perspectium been aware of this lawsuit, it would have directed counsel to prepare a timely response to the Complaint. (*Id.* at ¶¶ 4–7.) Indeed, if the Court determines that service was proper and the default is set aside, then Perspectium fully intends to timely respond to the Complaint. (*Id.*)

### D. Plaintiff Seeks a Default

Unbeknownst to Perspectium, Plaintiff filed a proof of service (ECF No. 4) on May 22, 2023. Further, on June 27, 2023, Plaintiff requested entry of default (ECF No. 6) which was entered by the clerk on June 28, 2023 (ECF No. 7).

### E. Perspectium's Attempts to Resolve the Issues on This Motion

On July 1, 2023, Foley & Lardner LLP ("Foley"), outside counsel for BitTitan, learned of the documents served upon Perspectium through CSC in California from opposing counsel in the related action in a Superior Court of the State of Washington, *Loo, et al. v. Hamerslag, et al.*, No. 22-2-04800-0 SEA, Superior Court of King County,

Washington ("*Loo*"). (Horzepa Dec. ¶ 4.) Upon learning of this case, the Foley attorneys immediately contacted Horzepa. (*Id.*) Horzepa did not recall receiving any notification of such a case, so he then searched his records and emails for any trace of a notification. (*Id.* at ¶ 6.) Upon completing that search, he realized that the notification email from CSC had been automatically filtered to a subfolder where he would not have found it in the regular course of his work by his office's email program. (*Id.*) Horzepa then directed outside counsel to begin drafting this Motion and instructed counsel to immediately seek to set aside the default judgment on July 5, 2023. (*Id.* at ¶ 5.)

### III.  LEGAL STANDARDS FOR SETTING ASIDE ENTRY OF DEFAULT

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . [including] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Further, subsection (b)(6) of Rule 60 provides a catchall provision allowing for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Thus, a court may grant relief to a party seeking to have a default set aside after the entry of judgment if they show that there was some mistake, inadvertence, surprise, or excusable neglect resulting in the default or for some other reason that justifies similar relief.

Courts have found that three factors are relevant when considering relief from default judgment: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *United States v. Aguilar*, 782 F.3d 1101, 1105–06 (9th Cir. 2015). But it is important to note that this is a disjunctive list of factors and not a comprehensive set of elements. *Aguilar*, 782 F.3d at 1105–06. In general, courts must apply Rule 60(b) liberally because it is remedial and keep in mind that default judgment "is a drastic step appropriate only in extreme circumstances," and that "a case should, whenever possible, be decided on the merits." *Id.* As the Ninth

Circuit stated in *Mendoza* over three decades ago, "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986).

## IV. THE COURT SHOULD SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST PERSPECTIUM

### A. Plaintiff Will Not Be Unfairly Prejudiced

Prejudice turns on whether a Plaintiff's ability to purse its claims will be hindered if the default is set aside. *Falk*, 739 F.2d at 463. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 147–50 (2001). Delay alone does not constitute prejudice unless it "will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Hawkins v. Bank of Am., N.A.*, 2018 WL 3426218, at *3 (S.D. Cal. July 16, 2018) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (quoting 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699, at pp. 536-37 (1983))). Maintaining a default is not even warranted where a non-moving party may incur "additional time ***and*** expense in litigating a case on the merits." *Id.* (emphasis added).

Plaintiff cannot articulate any delay or accrual of expense if Perspectium is allowed to respond to the Complaint now, or that permitting Perspectium to do so would result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Indeed, the default was only entered nine days ago on June 28, 2023. Since discovering the pendency of this action on July 1, Perspectium's counsel requested that Plaintiff set aside the default and has been working diligently to investigate the issue and respond appropriately. Plaintiff would be hard pressed to

demonstrate any cognizable harm that resulted from this minor delay. Accordingly, this factor weighs heavily in favor of setting aside the default.

### B. Perspectium Has a Meritorious Defense to the Underlying Declaratory Judgment Claim

In considering whether a defendant has a meritorious defense, "[a]ll that is necessary . . . is to allege sufficient facts that, if true, would constitute a defense." *Aguilar*, 782 F.3d at 1107. The Court must merely determine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Further, a meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Torres v. Estate of Hill*, 2007 WL 1975440, at *5 (S.D. Cal. Apr. 18, 2007).

In order to eliminate the risk of inconsistent factual determinations that could prejudice an insured, the California Supreme Court has held that a stay of a declaratory judgment action is appropriate pending the resolution of the underlying lawsuit when the coverage question turns on facts to be litigated in the underlying action. *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993). Further, Plaintiff itself has been in similar cases in the past where the Supreme Court of California has plainly and unequivocally stated that "[w]hen an insured calls upon a liability insurer to defend a third party action, the insurer as a general rule may not escape the burden of defense by obtaining a declaratory judgment that it has no duty to defend." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 661–62 (2005). "Were the rule otherwise, the insured would be forced to defend simultaneously against both the insurer's declaratory relief action and the third party's liability action." *Id.* "Because the duty to defend turns on the potential for coverage, and because coverage frequently turns on factual issues to be litigated in the third party liability action, litigating the duty to defend in the declaratory relief action

may prejudice the insured in the liability action." *Id.* "To prevent this form of prejudice, the insurer's action for declaratory relief may be either stayed [citation] or dismissed [citation]." *Id.*

Perspectium is, as Plaintiff points out in its Complaint, part of a separate case, *Loo, et al. v. Hamerslag, et al.*, No. 22-2-04800-0 SEA, which is pending in the Superior Court of King County, Washington. (*See* Compl., ¶¶ 22–33.) Perspectium seeks coverage under a policy it has with Plaintiff as a result of that case. (*Id.*) Facts derived from that case will likely influence this case. (Horzepa Decl., ¶ 7.) Yet, Plaintiff nonetheless chose to file this declaratory judgment action, attempting to circumvent longstanding California law that insureds in such situations should not be forced to defend such actions simultaneous to defending a related primary action. (*Scottsdale Ins. Co.*, 36 Cal. 4th at 661–62.)

Given the foregoing, Perspectium has a meritorious legal defense that it could raise in this matter such that the second factor weighs in favor of setting aside the default against Perspectium. It is also worth noting that Perspectium may also have additional defenses based on facts which have not been developed by discovery at this point.

**C.     Perspectium's Conduct Was Not Culpable**

As default judgments are generally disfavored, the Ninth Circuit has narrowly defined conduct that will qualify as culpable. In *Knoebber,* the Ninth Circuit relied heavily on the Supreme Court's broad definition of excusable neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993) to find that even where a defendant had "receive[d] a pleading, read[] and underst[ood] it, and t[ook] no steps to meet the deadline for filing a responsive pleading," her conduct would ***not*** be considered culpable. *Knoebber*, 244 F.3d ag 697–99. The court explained that to amount to being culpable, a defendant's conduct must be "'willful, deliberate, or evidence of bad faith.'" *Id.* (quoting *American Alliance Inc. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with

13

judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not *necessarily*—although it certainly may be, once the equitable factors are considered—culpable or inexcusable."[1] *Id.* at 697–98*; see also Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. Nov. 15, 2004).

Here, Perspectium has not engaged in any culpable conduct. Perspectium did not even know—and could not have known—that it had been served because it no longer had an expectation of service through CSC in California. (Horzepa Decl., ¶ 2.) Perspectium is Perspectium DE, which is a Delaware corporation with registered agents in Delaware and not in California. (*Id.*, at ¶ 3, **Exhibit A-1**, (Bylaws of Perspectium Corp.) at Section 1.) Further, had it known of the Complaint and Summons being filed and served in California, Perspectium would have timely responded. (*Id.* at ¶¶ 4–7.) Indeed, upon discovery of Plaintiff's alleged service of the Complaint and subsequent default by the Clerk, Perspectium promptly retained counsel to defend it. (*Id.*) Perspectium fully intends to respond to the Complaint if the default is set aside. (*Id.*) There are no facts whatsoever that Perspectium engaged in any acts that were deliberate, willful, or bad faith attempts to avoid responding to the Complaint and Summons. Perspectium has, in fact, been far more diligent than the defendant in *Pioneer Inv. Servs*. (which actually received served documents and relevant response deadlines through the defendant's counsel), where default was set aside. Thus, this factor also weighs in favor of setting aside the default.

V. **ALTERNATIVELY, THE COURT SHOULD DISMISS THE CASE BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH FED. R. CIV. P. 4**

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of a case based on insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Rule 4(m) states that "[i]f a

---

[1] The terms "culpable conduct" and "inexcusable neglect" are interchangeable for purposes of a relief from default analysis. *See TCI,* 244 F.3d at 696 ("Our understanding of what Rule 60(b)(1) requires in the default judgment context is consistent with the Supreme Court's recent clarification of the concept of 'excusable neglect' generally."); *cf. Pincay v. Andrews,* 389 F.3d 853, 855 (9th Cir. Nov. 15, 2004) (recognizing that the Supreme Court has held the term excusable neglect to carry the same definition throughout the Federal Rules of Civil Procedure).

defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Service of process on a business entity is only proper when using pre-defined methods in Rule 4 and must include both the summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). To properly serve a domestic business entity, such as a corporation, Rule 4(h) requires the party to serve the entity "in a judicial district of the United States:"

- ". . . in the manner prescribed by Rule 4(e)(1) for serving an individual," with means "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or
- "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant."

Fed. R. Civ. P. 4(h).

"Under California law, service upon a corporation can be effected by delivering a copy of the complaint to either the person designated as the agent for service of process under the provisions of the Corporations Code (§§ 202, 1502, 2105 or 2107), or to 'the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process.'" *Grillo v. Nat'l Geographic Soc'y*, No. 92-56063, No. 92-56420, 1994 U.S. App. LEXIS 9426, at *4 (9th Cir. Apr. 21, 1994) (citing Cal. Civ. Proc. Code § 416.10). Even if a purportedly served party knows of an improperly served document, California's notice requirement for service is only satisfied when the serving party strictly conforms to the statutory requirements for service. *Grillo*, 24 F.3d 246 at *4 (noting that "in California, '[t]he notice requirement is not satisfied by

1  actual knowledge of the action without service conforming to the statutory requirements,
2  which are to be strictly construed.'"). In the absence of a registered agent in California,
3  service on a corporation may be effected "simply by mailing the summons to an
4  authorized corporate officer, such as [the corporation's] president, vice-president,
5  secretary or treasurer." *Id.* at *5. To be clear, California's Code of Civil Procedure
6  explicitly states that service can be effected on a corporation through its registered agent,
7  its "president, chief executive officer, or other head of the corporation, a vice president, a
8  secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief
9  financial officer, a general manager, or a person authorized by the corporation to receive
10 service of process," or by any service method authorized "by any provision in Section
11 1701, 1702, 2110, or 2111 of the Corporations Code." Cal. Civ. Proc. Code § 416.10.

12      "Upon merger pursuant to this chapter the separate existence of the disappearing
13 corporations ceases. . . ." Cal. Corp. Code § 1107. "The [California] Corporations Code
14 defines a 'surviving corporation' simply as 'a corporation into which one or more other
15 corporations are merged.'" *Kirschner Bros. Oil, Inc. v. Natomas Co.*, 185 Cal. App. 3d
16 784, 791 (1986); *see also* Cal. Corp. Code § 190. Any surviving corporation becomes
17 responsible for the debts, liabilities, rights, and obligations of the other, merging
18 corporations. *Moe v. Transamerica Title Ins. Co.*, 21 Cal. App. 3d 289, 304 (1971); *see
19 also Rubio v. CIA Wheel Group*, 63 Cal. App. 5th 82, 102 (2021); *Petrini v. Mohasco
20 Corp.*, 61 Cal. App. 4th 1091, 1098 (1998); *Arrow Elecs., Inc. v. E.ON AG*, 2006 WL
21 8450450 at *18 (C.D. Cal. Sept. 5, 2006). Any non-surviving corporation no longer exists
22 after a merger and is otherwise considered "dead" under the law. *J. C. Peacock, Inc. v.
23 Hasko*, 184 Cal. App. 2d 142, 151 (1960).

24      As an initial matter, it is evident that Perspectium, as a California entity, (*i.e.*,
25 Perspectium CA) is the wrong party to be sued in this case. Instead, Perspectium DE is
26 the proper defendant because, as Plaintiff alleges in its Complaint, Perspectium CA no
27 longer exists as a distinct legal entity in California. (Compl., ¶ 8 (alleging that Plaintiff
28 believes Perspectium to be a "defunct California corporation with its principal place of

business in Texas").) It appears Plaintiff may have served CSC in California because of a contractual provision in endorsement 41 of the policy at issue in this case. (*Id.* at Exhibit 1, Endorsement 41.) But that provision is expressly limited to lawsuits involving the payment of premium and is not applicable here. (*Id.*) From the Complaint, it is quite clear that Plaintiff was fully aware of *Loo* and its outside counsel prior to seeking a default and could have contacted outside counsel to obtain a waiver of service under Rule 4. Plaintiff could have easily ascertained the current registration of Perspectium in Delaware. But it did not take any of those actions. Without those small, extra steps, the representation to the Court that Perspectium is a "defunct" California entity with offices in "Texas" is materially incomplete.

Further, Plaintiff's service was defective because Perspectium CA terminated as a legal entity via merger with Perspectium DE on February 16, 2022, more than a year prior to the filing of the Complaint in this case. (Horzepa Decl., ¶ 3, Exhibit A-2.) The documents in this case were given to a former registered agent of Perspectium CA, CSC's Koy Saechao, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 on May 15, 2023 ***as purported service of process on Perspectium DE***. True, CSC and Koy Saechao were agents authorized to receive service for Perspectium CA at one time. (*Id.*) But, as previously discussed, Perspectium CA no longer exists as a distinct legal entity in California. (*Id.*) Since Perspectium CA as a distinct entity had already "merged out" of existence and into Perspectium DE, CSC and Koy Saechao were no longer and could not be legally authorized agents for Perspectium (meaning, Perspectium DE). Consequently, attempted service on that formerly registered agent of Perspectium was improper.

Accordingly, Plaintiff's purported service on Perspectium in this matter was defective, and the Complaint should be dismissed if this Motion is decided after July 26, 2023, the final day of the 90-day window for service under Rule 4(m). Alternatively, at a minimum, if the 90-day time period of Rule 4(m) has not expired by the time the Motion is decided, service should be deemed ineffective and the default should be set aside on

17

that basis.

## VI. CONCLUSION

For all the foregoing reasons, Perspectium respectfully requests that the Court set aside the default against Perspectium. Perspectium alternatively requests that the Court dismiss this case as to Perspectium pursuant to Rule 12(b)(5) for failure to effect proper service.

Dated: July 7, 2023

Respectfully Submitted,

By: /s/ Mikle Jew
F. Phillip Hosp V, CA Bar No. 265225
Email: phosp@foley.com
Mikle Jew (SBN 316372)
Email: mjew@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone:  213.972.4500
Facsimile:   213.486.0065

Attorneys for Defendant
PERSPECTIUM CORP.

4880-6421-7198.4