UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HAMERSLAG and PERSPECTIUM CORP.,<br><br>Defendants. | Case No.: 23-CV-780 JLS (AHG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART, PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c), PERSPECTIUM CORPORATION'S MOTION TO SET ASIDE ENTRY OF DEFAULT OR, ALTERNATIVELY, MOTION TO DISMISS**<br><br>(ECF Nos. 4, 7, 8) |

Presently before the Court is Defendant Perspectium Corporation's ("Perspectium") Motion to Set Aside Entry of Default or, Alternatively, Motion to Dismiss ("Mot.," ECF No. 8). Plaintiff Scottsdale Insurance Company did not file a response to the Motion. *See generally* Docket. On August 4, 2023, the Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 12. Having carefully considered Perspectium's arguments and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** Perspectium's Motion.

/ / /

/ / /

# BACKGROUND

The instant litigation arises out of an insurance dispute. Plaintiff alleges that it issued an insurance policy in which it agreed to provide coverage for claims brought against either Perspectium or Perspectium's officers and directors. ECF No. 1 ¶¶ 1, 17 (the "Compl."). According to Plaintiff, Defendant Steven Hamerslag ("Hamerslag") is the subject of a separate lawsuit (the "Hamerslag Lawsuit") stemming from conduct Hamerslag engaged in during his service as a director of Perspectium. *Id.* ¶¶ 22–29. Plaintiff seeks a declaratory judgment stating that it has no duty to defend or indemnify either Hamerslag or Perspectium in connection with the Hamerslag Lawsuit. *Id.* ¶ 5.

According to facts alleged in the Hamerslag Lawsuit, Perspectium merged with another company—BitTitan, Inc. ("BitTitan")—at the direction of Hamerslag, who was an investor in and director of both Perspectium and BitTitan. *Id.* ¶¶ 24–27. After the merger, a third company—Idera, Inc. ("Idera")—acquired BitTitan. *Id.* ¶ 27. The plaintiffs in the Hamerslag Lawsuit—the founder of Perspectium, his spouse, and his family trust, *id.* ¶ 2—allege that Hamerslag breached his fiduciary duties to Perspectium and its shareholders through his actions relating to the merger and sale, *id.* ¶¶ 28–29.

Hamerslag sought coverage from Plaintiff regarding the Hamerslag Lawsuit, which Plaintiff denied by letter. *Id.* ¶¶ 30–31. Plaintiff informed Hamerslag that the policy's "Insured vs. Insured Exclusion" applies to the Hamerslag Lawsuit. *Id.* ¶ 31. This Exclusion provides—subject to certain exceptions, *see id.* ¶ 40—as follows:

> **Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim** . . . brought or maintained by, on behalf of, in the right of, or at the direction of any **Insured** in any capacity, any **Outside Entity** or any person or entity that is an owner of or joint venture participant in any **Subsidiary** in any respect and whether or not collusive[.]

*Id.* ¶ 21 (alterations in original). Plaintiff alleges that Perspectium's founder, as a former director and officer of Perspectium, is an "Insured" under the policy, as is his spouse. *Id.* ¶¶ 36–37. So, per Plaintiff, the Hamerslag Lawsuit constitutes a claim "brought or

maintained by, on behalf of, in the right of, or at the direction of any Insured in any capacity." *Id.* ¶ 39.

On April 27, 2023, Plaintiff filed the instant lawsuit seeking declaratory relief. *See* Docket. Plaintiff indicated that "[u]pon information and belief, Perspectium is a defunct California corporation with its principal place of business in Texas." Compl. ¶ 8. The Court issued a summons the same day, *see* ECF No. 3, and Plaintiff filed proof of service with respect to Perspectium on May 22, 2023, *see* ECF No. 4. Plaintiff's process server indicates that he personally served "CSC-Lawyers Incorporating Service, agent for service of process, by serving Koy Saechao, Intake Specialist/Authorized to Accept Service of Process" at "2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833." ECF No. 4-1 at 2 (capitalization altered). Plaintiff then asked the Clerk to enter default as to Perspectium on June 27, 2023. *See* ECF No. 6. The Clerk entered default as to Perspectium the following day. *See* ECF No. 7 (the "Entry of Default").

On July 7, 2023, Perspectium filed the instant Motion, accompanied by the Declaration of Joseph Horzepa ("Horzepa Decl.," ECF No. 8-2). Horzepa states that he serves as General Counsel for Idera and its subsidiaries, including BitTitan and Perspectium. Horzepa Decl. ¶ 1. According to Horzepa, after Idera acquired BitTitan and Perspectium, Idera converted Perspectium into a Delaware corporation in February of 2022. *Id.* ¶ 2. This conversion purportedly terminated Perspectium's corporate existence in California. *Id.* The newly-reformed Perspectium then named "Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808" as its registered agent for service of process. *Id.* Perspectium did not name a registered agent in California post-conversion. *Id.*

Perspectium concedes that Koy Saechao and his employer CSC were "agents authorized to receive service for Perspectium . . . at one time," *i.e.*, when Perspectium was incorporated in California. Mot. at 17; *see also* ECF No. 8-4 at 1 (listing "1505 Corporation CSC - Lawyers Incorporating Service" as Perspectium's agent and Koy Saechao as a "CA Registered Corporate (1505) Agent Authorized Employee[]"). But post-conversion,

Perspectium argues, "CSC and Koy Saechao were no longer and could not be legally authorized agents for Perspectium." Mot. at 17.

As Plaintiff served Koy Saechao after Perspectium's alleged conversion took place, *see* ECF No. 4, Perspectium requests that the Court dismiss Plaintiff's Complaint for defective service pursuant to Rule 12(b)(5) and set aside the Clerk's Entry of Default on that same basis, Mot. at 17–18. In the alternative, Perspectium asks this Court to set aside the Clerk's Entry of Default for good cause shown, pointing out that it did not receive actual notice of the lawsuit until after the Clerk entered default. *Id.* at 10–14.

## LEGAL STANDARDS

### I. Local Rule 7.1(f)(3)(c)

Civil Local Rule 7.1(e)(2) requires the party against whom a motion is filed to file an opposition or statement of non-opposition no later than fourteen days prior to the motion's noticed hearing. Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

Courts regularly apply Civil Local Rule 7.1(f)(3)(c) to summarily grant unopposed motions. *See United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (per curiam); *see also, e.g.*, *Park v. Washington Mut. Bank*, No. 10 CV 1548 MMA AJB, 2010 WL 4235475, at *1 (S.D. Cal. Oct. 21, 2010) (summarily granting a motion to quash service under Rule 12(b)(5)); *Anderson v. Does 1-6*, No. 18CV2137-JAH (WVG), 2019 WL 1017611, at *1 (S.D. Cal. Mar. 4, 2019) (summarily granting a motion to dismiss); *Holandez v. Ent., LLC*, No. EDCV211755JGBSHKX, 2023 WL 2559209, at *3–4 (C.D. Cal. Jan. 5, 2023) (summarily granting, under a similar local rule, a motion for conditional certification of a collective action).

Courts do so with good reason. "[Civil Local Rule 7.1(f)(3)(c)] is designed to relieve the court of the burden of reviewing the merits of a motion without the benefit of full briefing, because such a review requires a significant amount of scarce judicial time." *Luna v. U.S. Bank, N.A.*, No. 09-CV-2807-L NLS, 2011 WL 1099795, at *1 (S.D. Cal. Mar. 24,

2011). Moreover, by empowering district courts to decline to rule "upon issues which remain unfocused" and which lack "that clear concreteness" provided by the "clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests," Civil Local Rule 7.1(f)(3)(c) serves the same goals that underlie prudential restrictions on federal courts' issuance of advisory opinions. *See United States v. Fruehauf*, 365 U.S. 146, 157 (1961); *United States v. Windsor*, 570 U.S. 744, 759–60 (2013).

A district court's exercise of discretion pursuant to Civil Local Rule 7.1(f)(3)(c) is informed by the factors outlined in *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). These factors include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

## II.     Rule 12(b)(5)

A district court cannot exercise jurisdiction over a defendant without proper service of process. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Federal Rule of Civil Procedure 12(b)(5) thus authorizes a defendant to raise by motion the defense of "insufficient service of process." Once a defendant challenges service, the plaintiff bears the burden of establishing valid service pursuant to Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

If the plaintiff is unable to satisfy its burden of demonstrating effective service, a court may either dismiss the action or quash service and allow the plaintiff to serve the defendant again. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No.

C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### III. Motion to Set Aside Default

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to vacate an entry of default. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (per curiam). It is the defendant's burden to establish that good cause to vacate the entry of default exists. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). Thus, in assessing good cause, a district court considers three factors:

> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion "if any of the three factors [are] true."

*Id.* at 926 (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000)).

Courts "should apply the[se] factors more liberally" when assessing a motion to set aside an entry of default rather than a default judgment. *Page v. Banks*, No. 07CV2254JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988).

## ANALYSIS

Perspectium's Motion was set for hearing on August 10, 2023. *See* Mot. at 1. Civil Local Rule 7.1(e)(2) therefore required Plaintiff to respond by July 27, 2023. Yet Plaintiff—who is represented by counsel—filed no response to the Motion, even when the Court took the Motion under submission on August 4, 2023. *See* ECF No. 12; Docket. Plaintiff has continued to submit filings in this matter, *see* ECF No. 13, but has offered no excuse for its failure to oppose Perspectium's Motion, *see generally* Docket. As Plaintiff did not respond within the time set by Civil Local Rule 7.1(e)(2), the Court proceeds to its analysis of whether the *Ghazali* factors support granting Perspectium's Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

The public's interest in the expeditious resolution of litigation, the Court's need to manage its docket, and the public policy favoring disposition of cases on their merits weigh in Perspectium's favor. Ruling on the Motion without the benefit of Plaintiff's arguments—or, in the alternative, delaying resolution of this Motion still further by ordering Plaintiff to respond—will waste valuable judicial time and delay the ultimate resolution of this case. *See Luna*, 2011 WL 1099795, at *1. Relatedly, maintaining the status quo—the Clerk's Entry of Default—will not help this case progress toward an ultimate disposition on the merits. *See Direct Mail Specialists*, 840 F.2d at 690; *Park*, 2010 WL 4235475, at *1.

Further, because the Court elects a less drastic sanction than dismissal of this action, the availability of less drastic sanctions does not weigh in Plaintiff's favor. The Court could—as Perspectium requests, Mot. at 17—exercise its discretion to dismiss this entire action, *see Bovier v. Bridgepoint Educ./Ashford Univ.*, No. 317CV01052GPCJMA, 2018 WL 1010503, at *2 (S.D. Cal. Feb. 22, 2018). But Perspectium's Motion offers no evidence suggesting either (1) that Plaintiff will be unable to properly serve Perspectium or (2) that Perspectium will suffer prejudice if this Court declines to dismiss the action. See *Pathak v. Omaha Steaks Int'l, Inc.*, No. 10-7054 RSWL RZX, 2011 WL 1152656, at *2 (C.D. Cal. Mar. 28, 2011). Hence, the Court will instead quash Plaintiff's previous

attempt at service and order Plaintiff to re-serve Perspectium. *See id.*; Fed. R. Civ. P. 4(m) (noting that where a plaintiff has not served a defendant within 90 days, a court may "order that service be made within a specified time").

The balance of the *Ghazali* factors weighs in favor of setting aside the Clerk's Entry of Default and ordering Plaintiff to re-effect service on Perspectium pursuant to Civil Local Rule 7.1(f)(3)(c). As such, the Court has the option of granting Perspectium's Motion based on Plaintiff's failure to respond, and it chooses to do so.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Perspectium's Motion to Set Aside Default or, Alternatively, Motion to Dismiss (ECF No. 8). The Court **VACATES** the Clerk's Entry of Default as to Perspectium (ECF No. 7) and **QUASHES** Plaintiff's attempted service on Perspectium (ECF No. 4). The Court **GRANTS** Plaintiff thirty (30) days from the electronic filing date of this Order to serve Perspectium in accordance with applicable federal or state law. The Court otherwise **DENIES** Perspectium's Motion.

IT IS SO ORDERED.

Dated: November 8, 2023

Hon. Janis L. Sammartino
United States District Judge