David J. Noonan, Esq. (SBN 55966)
dnoonan@noonanlance.com
Micaela P. Banach, Esq. (SBN 226656)
mbanach@noonanlance.com
NOONAN LANCE BOYER & BANACH LLP
701 Island Avenue, Suite 400
San Diego, California  92101
Telephone: (619) 780-0880
Facsimile: (619) 780-0877

Attorneys for Defendant
STEVEN HAMERSLAG

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HAMERSLAG, an individual, and PERSCPECTIUM CORP.,<br><br>Defendants. | Case No.: 23-CV-0780-JLS-AHG<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration and [Proposed] Answer]<br><br>Judge:    Hon. Janis L. Sammartino<br>Dept.:    4D<br><br>Magistrate: Hon. Allison H. Goddard<br>Dept.:    2C<br><br>Date:    June 6, 2024<br>Time:    1:30 p.m.<br>Dept.:    4D |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 6, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Janis L. Sammartino in Courtroom 4D of the United States District Court, Southern District of California, located at the Edward J. Schwartz United States Courthouse, 221 West Broadway,

1

San Diego, CA 92101, Defendant Steven Hamerslag ("Hamerslag") will, and hereby does, respectfully move pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered against Hamerslag by the Clerk on August 9, 2023. ECF No. 14.

This Motion to Set Aside Entry of Default ("the Motion") is brought on the grounds that (1) Plaintiff will not be unfairly prejudiced if the default is set aside, (2) Hamerslag has a meritorious defense to the underlying merits dispute regarding declaratory relief, and (3) Hamerslag did not engage in culpable conduct in failing to answer the Complaint filed by Plaintiff Scottsdale Insurance Company ("Plaintiff").

The Motion is made pursuant to this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the declaration of Jason Donovan, the [Proposed] Answer, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

Dated: April 30, 2024

NOONAN LANCE BOYER & BANACH LLP

By: _____
David J. Noonan
Micaela P. Banach
Attorneys for Defendant

Case No. 23-CV-0780-JLS-AHG

1

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................... 6

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................... 6

III.    LEGAL STANDARDS ........................................................ 7

IV.    ARGUMENT .................................................................. 8

    A.    Plaintiff Will Not Be Prejudiced. ................................. 8

    B.    Hamerslag Has A Meritorious Defense. ........................ 9

    C.    Hamerslag Did Not Engage In Culpable Conduct. ............ 11

V.    CONCLUSION ................................................................ 13

NOONAN LANCE BOYER & BANACH LLP

Case No. 23-CV-0780-JLS-AHG

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
  227 F.3d 1104 (9th Cir. 2000) ................................................................. 8

*Carroll v. County of San Diego*,
  2014 WL 4185530 (S.D. Cal. Aug. 21, 2014) ......................................... 9

*Davis v. Musler*,
  713 F.2d 907 (2d Cir. 1983) .................................................................... 9

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
  840 F.2d 685 (9th Cir. 1988) ............................................................... 6, 8

*Egelhoff v. Egelhoff ex rel. Breiner*,
  532 U.S. 141 (2001) ................................................................................ 7

*Eulitt v. City of San Diego*,
  2019 WL 13100967 (S.D. Cal. Apr. 16, 2019) ................................... 8, 10

*Ewing v. Isaac*,
  2022 WL 17254757 (S.D. Cal. Nov. 28, 2022) .................................... 7, 8

*Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*,
  375 F.3d 922 (9th Cir. 2004) ................................................................... 7

*Hawaii Carpenters' Tr. Funds v. Stone*,
  794 F.2d 508 (9th Cir. 1986) .............................................................. 10, 11

*Hawkins v. Bank of Am., N.A.*,
  2018 WL 3426218 (S.D. Cal. July 16, 2018) .......................................... 9

*Mendoza v. Wight Vineyard Mgmt.*,
  783 F.2d 941 (9th Cir. 1986) ................................................................... 7

*Montrose Chem. Corp. v. Superior Court*,
  6 Cal. 4th 287 (1993) ............................................................................ 10

NOONAN LANCE BOYER & BANACH LLP

4

*O'Connor v. Nevada*,
27 F.3d 357 (9th Cir.1994) ....................................................................... 8

*Page v. Banks*,
No. 07cv2254 JM(BLM), 2008 WL 2037763 (S.D. Cal. May 12, 2008).............. 8

*RingCentral, Inc. v. Quimby*,
781 F. Supp. 2d 1007 (N.D. Cal. 2011)............................................... 9, 12

*Rivera v. Marten Transp. Servs., LTD*,
2011 WL 2680525 (S.D. Cal. July 8, 2011)............................................. 8

*Scottsdale Ins. Co. v. Hamerslag*,
2023 WL 7434967 (S.D. Cal. Nov. 9, 2023)................................... 6, 7, 14

*Scottsdale Ins. Co. v. MV Transp.*,
36 Cal. 4th 643 (2005) ..................................................................... 10

*State Farm Fire & Cas. Co. v. McIntosh*,
837 F. Supp. 315 (N.D. Cal. 1993)...................................................... 11

*TCI Grp. Life Ins. Plan v. Knoebber*,
244 F.3d 691 (9th Cir. 2001) ...................................................*passim*

*U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*,
615 F.3d 1085 (9th Cir. 2010) ........................................................ 10

*United States v. Aguilar*,
782 F.3d 1101 (9th Cir. 2015) ......................................................... 8

*Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*,
2019 WL 4266550 (S.D. Cal. Feb. 26, 2019)....................................*passim*

**Rules**

Federal Rules of Civil Procedure
Rule 55 (c) ..........................................................................2, 6, 7

NOONAN LANCE BOYER & BANACH LLP

5

NOONAN LANCE BOYER & BANACH LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 55(c) and Ninth Circuit law interpreting it, the Court should set aside the default entered by the clerk against Hamerslag. Hamerslag did not engage in culpable conduct, has a meritorious defense, and Plaintiff will not be prejudiced. Good cause exists because Plaintiff will not be prejudiced in any cognizable way as a result of the delay. Further, Hamerslag has a meritorious defense to this declaratory judgment action, which was filed alongside the parallel *Loo* case. Finally, Hamerslag's conduct was not culpable because it was not performed with the intent to gain an advantage or interfere with judicial decision-making. While any one of these circumstances alone would warrant the setting aside of the default, their confluence, and the "strong preference for deciding cases on their merits," forcefully justify setting the default aside. *Scottsdale Ins. Co. v. Hamerslag*, 2023 WL 7434967, at *3 (S.D. Cal. Nov. 9, 2023) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)).

### II.    FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of a dispute regarding insurance coverage.[1]  Hamerslag is a party to another lawsuit pending in state court in Washington State—*Loo, et al. v. Hamerslag, et al.*, No. 22-2-04800-0 SEA, Superior Court of King County, Washington ("*Loo*")—which relates to alleged conduct of Hamerslag while he was a director of defendant Perspectium Corp ("Perspectium"). ECF No. 1, ¶¶ 22-29; ECF No. 8-2, ¶ 4. Specifically, Plaintiffs allege that Hamerslag breached fiduciary duties relating to the merger and/or sale of Perspectium to other companies. *Id.*, ¶¶ 2, 24-29.

---

[1] The Court has previously accurately summarized the facts alleged in Plaintiff's Complaint. ECF No. 8; *Scottsdale Ins. Co. v. Hamerslag*, 2023 WL 7434967, at *1 (S.D. Cal. Nov. 9, 2023).

Case No. 23-CV-0780-JLS-AHG

Scottsdale denied Hamerslag's request for defense and indemnity in *Loo* based upon the Policy's purported "Insured vs. Insured Exclusion." *Id.*, ¶¶ 21, 30-31, 40. Scottsdale asserts that the *Loo* plaintiffs are "insureds" and that the exclusion applies. *Id.*, ¶¶ 36-39.

Scottsdale filed this action on April 27, 2023 and the Court issued a summons the same day. ECF Nos. 1, 3. On June 9, 2023, Plaintiff submitted a proof of service regarding Hamerslag. ECF No. 5. Some two months later, on August 8, 2023, Plaintiff requested an entry of default against Hamerslag, which was entered the following day. ECF Nos. 13, 14. The Court entered an Order to Show Cause on December 18, 2023 based, in part, upon Plaintiff's failure to move for default judgment against Hamerslag within the 30 days after the default was entered as required by Local Rule 55.1. ECF No. 16. The Court provided Plaintiff 30 days to respond. *Id.* On January 16, 2024, 29 days after the Court's Order to Show Cause, Plaintiff moved for default judgment against Hamerslag. ECF No. 17.

### III.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Courts have broad discretion in deciding whether to vacate an entry of default." *Scottsdale Ins. Co.*, 2023 WL 7434967, at *3 (citing *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (per curiam)). "It is the defendant's burden to establish that good cause to vacate the entry of default exists." *Ewing v. Isaac*, 2022 WL 17254757, at *2 (S.D. Cal. Nov. 28, 2022) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 149 (2001)). The Ninth Circuit has found "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Grp.*, 244 F.3d at 696). The factors courts consider are:

7

(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion [for default judgment] "if any of the three factors [is] true."

*Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000)). These are disjunctive factors and not comprehensive and required elements. *United States v. Aguilar*, 782 F.3d 1101, 1105–06 (9th Cir. 2015).

Though the factors for setting aside a default and a default judgment overlap, when applying them in the former, "the Court's discretion is 'especially broad.'" *Rivera v. Marten Transp. Servs., LTD*, 2011 WL 2680525, at *1 (S.D. Cal. July 8, 2011) (quoting *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994)). Thus, "[t]he court 'should apply the factors more liberally' when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment." *Eulitt v. City of San Diego*, 2019 WL 13100967, at *1 (S.D. Cal. Apr. 16, 2019) (quoting *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008)) (further citations omitted). "Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default." *Ewing*, 2022 WL 17254757, at *2 (citing *Direct Mail Specialists*, 840 F.2d at 690).

## IV.    ARGUMENT

### A.    Plaintiff Will Not Be Prejudiced.

Plaintiff will not be prejudiced by a setting aside of the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, 2019 WL 4266550, at *6 (S.D. Cal. Feb. 26, 2019) (quoting *TCI Grp.,* 244 F.3d at 701). "Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Veracity Wireless, Inc.*, 2019 WL 4266550, at *6 (quoting *TCI Grp.*, 244 F.3d at 701) (further internal quotation marks and citations omitted). Where the only

NOONAN LANCE BOYER & BANACH LLP

1  loss is the Plaintiff's "quick victory due to [its] opponent's procedural default,"

2  prejudice is not shown because "merely being forced to litigate on the merits cannot

3  be considered prejudicial." *TCI Grp.*, 244 F.3d at 701 (citations omitted). Instead,

4  prejudice results from "the loss of evidence, create increased difficulties of discovery,

5  or provide greater opportunity for fraud and collusion." *Hawkins v. Bank of Am., N.A.*,

6  2018 WL 3426218, at *3 (S.D. Cal. July 16, 2018) (citing *Davis v. Musler*, 713 F.2d

7  907, 916 (2d Cir. 1983) (quoting 10 C. Wright, A. Miller and M. Kane, Federal

8  Practice and Procedure, § 2699, at pp. 536-37 (1983))).

9  Plaintiff cannot show any cognizable prejudice here. There is no indication of

10  lost evidence, increased difficulties, or fraud. Plaintiff's own delay in this case

11  demonstrates a lack of any such prejudice. Plaintiff waited two months—well beyond

12  the 21 days Hamerslag had to answer—after the proof of service was filed to even

13  request the entry of default. ECF Nos. 5, 13. It then waited more than 5 months to

14  seek default judgment against Hamerslag. ECF Nos. 14, 17. This was in derogation

15  of Local Rule 55.1, which requires a motion for default judgment within 30 days of

16  the entry of default. Plaintiff then waited until 28 days after the Court's Order to Show

17  Cause to seek default judgment. ECF Nos. 16, 17. Thus, any potential claim of

18  prejudice brought on by Hamerslag's delay is belied by Plaintiff's own delay in acting

19  promptly in this action.

20  **B.    Hamerslag Has A Meritorious Defense.**

21  The default should additionally be set aside because Hamerslag has a

22  meritorious defense to this declaratory judgment action. The "burden to prove a

23  meritorious defense is 'not extraordinarily heavy'" and has, in fact, been described as

24  "light." *Veracity Wireless, Inc.,* 2019 WL 4266550, at *6 (quoting *RingCentral, Inc.*

25  *v. Quimby*, 781 F.Supp.2d 1007, 1011 (N.D. Cal. 2011)); *Carroll v. County of San*

26  *Diego*, 2014 WL 4185530 (S.D. Cal.), at *4. Indeed, to satisfy this "low standard,"

27  "[a]ll that is necessary . . . is to allege sufficient facts that, if true, would constitute a

28  defense." *Eulitt*, 2019 WL 13100967, at *3 (quoting *U.S. v. Signed Pers. Check No.*

NOONAN LANCE BOYER & BANACH LLP

9

*730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)). The limit of the Court's inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

As described above, Hamerslag is a party to *Loo* in Washington. The Scottsdale policy is a duty to defend policy, which means there is a duty to defend if the allegations show even the possibility of coverage. As pointed out by Perspectium (ECF No. 8, pp. 12-13), under California law, a declaratory judgment action regarding insurance coverage should be stayed pending resolution of the underlying action when coverage questions turn on facts litigated in the underlying action. *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993). "When an insured calls upon a liability insurer to defend a third party action, the insurer as a general rule may not escape the burden of defense by obtaining a declaratory judgment that it has no duty to defend." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 661–62 (2005). "Were the rule otherwise, the insured would be forced to defend simultaneously against both the insurer's declaratory relief action and the third party's liability action." *Id.* "Because the duty to defend turns on the potential for coverage, and because coverage frequently turns on factual issues to be litigated in the third party liability action, litigating the duty to defend in the declaratory relief action may prejudice the insured in the liability action." *Id.* "To prevent this form of prejudice, the insurer's action for declaratory relief may be either stayed [citation] or dismissed [citation]." *Id.* Federal courts also properly decline jurisdiction where "(1) the exercise of jurisdiction would require the Court to determine facts which are also at-issue in state court; (2) the dispute between the parties may present issues of California law which are better left for resolution by the state courts; (3) the pendency of the federal declaratory action will undermine judicial economy and improperly effect the balance of settlement negotiations between the parties." *State Farm Fire & Cas. Co. v. McIntosh*, 837 F. Supp. 315, 316 (N.D. Cal. 1993).

NOONAN LANCE BOYER & BANACH LLP

Here, the "outcome" of this suit may be different in both the short term and the long term. For example, a judgment in Plaintiff's favor in this action at this time may be improper because the Court should not exercise jurisdiction given *Loo*'s pendency. Further, the facts adduced in *Loo* could impact the coverage issues sought to be litigated in this suit and also lead to a different outcome "after a full trial." Hawaii Carpenters' Tr. Funds, 794 F.2d at 513. Plaintiff's Complaint relies upon an "*Insured vs. Insured Exclusion*" as the sole basis for its denial of coverage. ECF No. 1, ¶¶ 4, 21, 31, 33, 39, 43. The Insured v. Insured Exclusion however does not apply for at least two reasons. First, The Loo Family Trust is a plaintiff in the *Loo* case and is not an insured under the Scottsdale policy. The Insured v. Insured Exclusion therefore could not apply to its claim. Second, Plaintiff alleges, in a conclusory manner, that "[n]o exception to the Insured vs. Insured Exclusion applies." However, the Policy contains an "Amend Insured v. Insured Exclusion (Dilution Claims Exception)" Endorsement which Plaintiff ignores. ECF No. 1-2, p. 42. Even if the Insured v. Insured Exclusion did initially apply, which is denied, this Endorsement restores coverage for the claims asserted in *Loo*. At a minimum there are factual questions as to the nature of the claims asserted against Hamerslag and capacities in which Hamerslag was allegedly acting that require Plaintiff to defend. Accordingly, Hamerslag has met his burden to show a meritorious defense justifying a setting aside of the default.

### C.    Hamerslag Did Not Engage In Culpable Conduct.

Good cause exists because Hamerslag did not engage in "culpable conduct"—as that term has been construed by courts—in failing to answer the Complaint. The standard for "culpable conduct" is high. Courts—including this one—have set aside defaults where the reason for delay is "weak," where there was "egregious negligence" or an "extremely irresponsible[] error." *Veracity Wireless, Inc.*, 2019 WL 4266550, at *6. So long as there is no evidence of "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the

legal process is not 'intentional' under [the Ninth Circuit's] default cases." *Id.* at *5 (quoting TCI Grp., 244 F.3d at 700); *see also RingCentral, Inc.*, 781 F. Supp. 2d at 1011 ("As foolish as it may have been for defendants to believe that they could ignore this action without risking serious financial consequences, there is no indication that they did so out of any effort to gain an advantage or to delay the inevitable.").

Here, there is no conduct that rises to the level of "culpable conduct" that would preclude denying the setting aside of the default. Hamerslag's failure to respond to the Complaint was in no way an effort to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. To the contrary, Hamerslag's failure to respond was a (perhaps misguided) attempt to provide efficiency and avoid injecting a case into the court's active docket that had a potential for early resolution and, at minimum, was due to be stayed under California law pending the outcome of the underlying *Loo* action. Behind this action was a dispute over whether Scottsdale—Hamerslag's and Perspectium's insurer—would provide even a portion of their defense costs. There has recently been discussion and progress on that front among the multiple insurers involved; Travelers has agreed to defend Hamerslag in the *Loo* case under a reservation of rights, and Hamerslag has partially assigned his rights under the Scottsdale policy to Travelers for purposes of the claims at issue in this action. (Declaration of Jason Donovan, ¶¶ 2-7.)

Plaintiff apparently believes that it should prevail on its refusal to acknowledge a defense while Hamerslag and Perspectium are most in need of that coverage and while relevant facts in the underlying *Loo* action continue to develop that bear on this question. Despite Hamerslag's—and, earlier, Perspectium's—failure to timely respond to this action, allowing Plaintiff to walk away from its contractual duties through a default and without an examination of the merits of the coverage decision would be an injustice and contrary to California law. At a minimum, this action should be stayed—not disposed of on a technicality.

Hamerslag respectfully requests the Court set aside the default and allow

12

NOONAN LANCE BOYER & BANACH LLP

1 | Hamerslag to respond to the Complaint. A [Proposed] Answer is filed herewith.

2 | **V.**    <u>**CONCLUSION**</u>

3 |      For each of the foregoing reasons, Hamerslag respectfully requests that the

4 | Court set aside the default entered against Hamerslag.

6 | Dated: April 30, 2024          NOONAN LANCE BOYER & BANACH LLP

8 |             By: _____

9 |                  David J. Noonan
                 Micaela P. Banach
                 Attorneys for Defendant

NOONAN LANCE BOYER & BANACH LLP

13

**Case No. 23-CV-0780-JLS-AHG**

# PROOF OF SERVICE

JUDGE:   Hon. Janis L. Sammartino

*Scottsdale Insurance Company v. Steven Hamerslag, et al.*
U.S. District Court Southern District of California  23-CV-0780-JLS-AHG

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California.  My business address is 701 Island Avenue, Suite 400, San Diego, California  92101.

On April 30, 2024, at San Diego, California, I served the following document(s) described as

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the parties in said action as follows:

| | |
|---|---|
| Valerie Diane Rojas<br>**COZEN O'CONNOR**<br>601 South Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>T:      213.892.7965<br>F:      213.784.9076<br>vrojas@cozen.com | Attorneys for Plaintiff<br>**SCOTTSDALE INSURANCE COMPANY** |

☒ **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the U.S. District Court, using the Electronic Case Filing ("ECF") system of the Court.  The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 30, 2024 at San Diego, California.

*Cindy Frederick*
Cindy Frederick

14

Case No. 23-CV-0780-JLS-AHG