**COZEN O'CONNOR**
Valerie Rojas (SBN 180041)
vrojas@cozen.com
601 South Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: (213) 892-7965
Facsimile:  (213) 784-9076

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | Case No.: 23-cv-0780-JLS-AHG |
| Plaintiff, | |
| v. | **PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT STEVEN HAMERSLAG'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| STEVEN HAMERSLAG, an individual, and PERSPECTIUM CORP., | |
| Defendants. | [Filed Concurrently with Declaration of Valerie D. Rojas and Request for Judicial Notice] |
| | Date:  June 6, 2024 |
| | Time:  1:30 p.m. |
| | Dept.  4D |

Plaintiff Scottsdale Insurance Company submits the following opposition to Defendant Steven Hamerslag's Motion to set aside Entry of Default.

LEGAL\70380721\1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II.   RELEVANT FACTS .......................................................................... 2

    A.   The Policy ............................................................................. 2

    B.   The Underling Action ......................................................... 5

III.  LEGAL ARGUMENT ........................................................................ 6

    A.   Standard to Set Aside Entry of Default ............................. 6

    B.   Hamerslag is Culpable ........................................................ 7

    C.   Hamerslag Does Not Have a Valid Defense ...................... 7

    D.   Hamerslag's Motion Should Be Denied Even in the Absence of Prejudice ......................................................... 10

    E.   Hamerslag is Not Entitled to a Stay ................................ 11

IV.   CONCLUSION ................................................................................ 12

LEGAL\70380721\1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIU Ins. Co. v. Superior Court,*
    51 Cal.3d 807 (1990) .................................................................................. 9

*Am. Med. Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh,*
    244 F.3d 715 (9th Cir. 2001) .................................................................... 10

*American Ass'n of Naturopathic Physicians v. Hayhurst,*
    227 F.3d 1104 (9th Cir.2000) ............................................................... 7, 11

*Aydin Corp. v. First State Ins. Co.,*
    18 Cal. 4th 1183 (1998) ............................................................................. 9

*Bank of the West v. Superior Court,*
    2 Cal. 4th 1254 (1992) ............................................................................... 9

*Biltmore Assocs., LLC v. Twin City Fire Ins. Co.,*
    572 F.3d 663 (9th Cir. 2009) .................................................................... 10

*Cassidy v. Tenorio,*
    856 F.2d 1412 (9th Cir.1988) .................................................................... 7

*Collin v. Am. Empire Ins. Co.,*
    21 Cal. App. 4th 787 (1994) ...................................................................... 9

*F & H Const. v. ITT Hartford Ins. Co.,*
    118 Cal. App. 4th 364 (2004) .................................................................... 9

*Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,*
    375 F.3d 922 (9th Cir. 2004) ................................................................. 7, 9

*Great Am. Ins. Co. v. Sup. Ct.,*
    178 Cal. App. 4th 221 (2009) .................................................................. 11

*Meadows v. Dominican Republic,*
    817 F.2d 517 (9th Cir.1987) ............................................................... 10, 11

*Mendoza v. Wight Vineyard Management,*
    783 F.2d 941 (9th Cir.1986) .................................................................... 11

LEGAL\70380721\1

*Savarese v. Edrick Transfer & Storage, Inc.*,
    513 F.2d 140 (9th Cir.1975) ................................................................. 11

*VierraMoore, Inc. v. Cont'l Cas. Co.*,
    940 F. Supp. 2d 1270 (E.D. Cal. 2013) ............................................... 10

**State Statutes**

Cal. Civ. Code § 1641 ................................................................................. 9

**Federal Statutes**

Fed. R. Civ. P. 55(c) .......................................................................... 6, 7, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Scottsdale Insurance Company ("Scottsdale") opposes Defendant Steven Hamerslag's ("Defendant" or "Hamerslag") motion to set aside entry of default because Hamerslag intentionally failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure. Hamerslag's counsel confirmed that Hamerslag did not intend to defend himself in this action, until recently.  Scottsdale served the Complaint on defendant Hamerslag on May 24, 2023. [Doc. 5].  Hamerslag did not file a responsive pleading, so Scottsdale's counsel communicated with Hamerslag's counsel.  Hamerslag's counsel advised Scottsdale's counsel that Hamerslag did not intend to defend against Scottsdale's complaint.  See, Declaration of Valerie D. Rojas ("Rojas Decl."), filed herewith at para. 5.

Therefore, Scottsdale requested entry of default and the Clerk entered default against Defendant Hamerslag. [Doc. 14]  On January 16, 2024, Scottsdale filed a motion for a default judgment.  [Doc. 17]  Hamerslag did not oppose the motion.  On February 29, 2024, this Court vacated the hearing on the motion for entry of default judgment and took the motion under submission.   [Doc. 20] On April 30, 2024, Hamerslag filed his motion to set aside entry of default.

In this insurance coverage action, Scottsdale's seeks a declaratory judgment that it does not have a duty to defend and indemnify Hamerslag in an underlying lawsuit ("Underlying Lawsuit") because the Insured v. Insured exclusion in the applicable insurance policy bars coverage for the Underlying Lawsuit.  See, Complaint filed in this action attached to Request for Judicial Notice ("RJN") at Ex. 1.  Hamerslag's motion should be denied because he is culpable, and he does not have a valid defense. This Court may deny Hamerslag's motion based upon either of these grounds, as more particularly set forth below.

1

## II. **RELEVANT FACTS**

### A. **The Policy**

Scottsdale issued the Policy—Business and Management Indemnity Policy, No. EKS3334543—to Perspectium for the original "Policy Period" of June 15, 2020 to June 15, 2021. See, the Policy attached to RJN as Ex. 2; Ex. 1, Complaint, para. 11. Pursuant to Endorsement No. 42, the Policy was converted to run-off coverage for the period June 1, 2021 to June 1, 2024. RJN, Ex. 1; Complaint para. 11. The Policy is a "claims-made-and-reported policy" that includes a coverage section labeled as the "Directors and Officers and Company Coverage Section" (the "D&O Coverage Section"). RJN, Ex. 1; Complaint para. 12.

The D&O Coverage Section includes three insuring clauses. In this action, the pertinent insuring clause is Insuring Clause Section A.1. of the D&O Coverage Section which provides:

> The Insurer shall pay the Loss of the Directors and Officers for which the Directors and Officers are not indemnified by the Company and which the Directors and Officers have become legally obligated to pay by reason of a Claim first made against the Directors and Officers during the Policy Period or, if elected, the Extended Period, and reported to the Insurer pursuant to Section E.1. herein, for any Wrongful Act taking place prior to the end of the Policy Period.

RJN, Ex. 2 Policy, D&O Coverage Section, § A.1. (bold original); See also, RJN Ex. 1, Complaint para. 14.

The D&O Coverage Section defines "Insureds" to include the "Company" and the "Directors and Officers." RJN, Ex. 2 Policy, D&O Coverage Section, § B.5.; See also, RJN, Ex. 1, Complaint para. 17. The term "Company" is defined as the "Parent Company"—i.e., Perspectium—and any "Subsidiary." RJN, Ex. 2, Policy, General Terms and Conditions, § B.2. & B.7.; See also, RJN, Ex. 1, Complaint para. 18. The term "Directors and Officers" includes "any person who was, now is, or shall

2

become" (a) "a duly elected or appointed director, officer, or similar executive of the Company, or any member of the management board of the Company[.]" RJN, Ex. 2 Policy, D&O Coverage Section, § B.4. (bold original) See also, RJN Ex. 1, Complaint para. 19.

Section F. of the General Terms and Conditions of the Policy further states: "The estates, heirs, legal representatives, assigns, spouses and Domestic Partners of natural persons who are Insureds shall be considered Insureds under this Policy; provided, however, coverage is afforded to such estates, heirs, legal representatives, assigns, spouses and Domestic Partners only for a Claim arising solely out of their status as such and, in the case of a spouse or Domestic Partner, where the Claim seeks damages from marital community property, jointly held property or property transferred from the natural person who is an Insured to the spouse or Domestic Partner." RJN, Ex. 2 Policy, General Terms and Conditions, § F.; See also, RJN, Ex. 1, Complaint para. 20.

In this action, Scottsdale seeks a declaration that the Insured v. Insured Exclusion bars coverage for Hamerslag's claim. The "Insured vs. Insured Exclusion," applicable to all Insuring Clauses, provides in pertinent part:

> Insurer shall not be liable for Loss under this Coverage Section on account of any Claim… brought or maintained by, on behalf of, in the right of, or at the direction of any Insured in any capacity, any Outside Entity or any person or entity that is an owner of or joint venture participant in any Subsidiary in any respect and whether or not collusive unless such Claim:
>
> i. is brought derivatively by a securities holder of the Parent Company and is instigated and continued totally independent of, and totally without the solicitation, assistance, active participant of, or intervention of, any Insured;

ii. is brought or maintained by any Insured in the form of a cross-claim, third-party claim or other proceeding for contribution or indemnity which is part of, and directly results from a Claim that is covered by this Coverage Section;

iii. is brought or maintained by an employee of the Company who is not or was not a director or officers of the Company, including any such Claim brought or maintained under the Federal False Claims Act or any similar federal, state, local or foreign "whistleblower" law or "whistle-blower" provision of any law;

iv. is brought or maintained by any former Director or Officer of the Company solely in their capacity as a securities holder of the Company and where such Claim is solely based upon and arising out of:

a. Wrongful Acts committed subsequent to the date such Director or Officer ceased to be a Director or Officer of the Company and where such Claim is first made two (2) years subsequent to the date such Director or Officer ceased to be a Director or Officer of the Company; or

b. any actual or alleged unfair dilution of such securities holder's securities interest, but only if such Claim is first made within two (2) years after the date such Director or Officer ceased to be a Director or Officer of the Company and such Claim is made in connection with the sale of a majority of the assets of the Company, the merger of the Company with or into another entity, or the initial public offering of the securities of the Company ("Dilution Claims"); or

v. is brought or maintained by or on behalf of a bankruptcy or insolvency receiver, trustee, examiner, conservator, liquidator or

rehabilitator for, or creditors' committee of, the Company, or any assignee thereof; or

vi. is brought or maintained in a jurisdiction outside the United States of America, Canada or Australia by any Insured of the Company solely where such Company is domiciled or chartered in such foreign jurisdiction.

RJN, Ex. 2 Policy, D&O Coverage Section, § C.1.e. and Endorsement Nos. 4, 19, 20, and 21 (the "Insured v. Insured exclusion"); See also, RJN, Ex. 1, Complaint para. 21.

### B.    The Underling Action

On April 4, 2022, Defendants were named as defendants in the Underlying Lawsuit (*Loo, et al. v. Hamerslag, et al.*, No. 22-2-04800-0 SEA, Superior Court of King County, Washington) filed by Mr. Loo, Mrs. Loo and the Loo Family Trust (the "Underlying Plaintiffs"). The complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached to the RJN as Ex. 3; See also, RJN, Ex. 1, Complaint para. 22.

The Underlying Complaint alleges that Mr. Loo founded Perspectium in 2013 and served as its Chief Executive Officer and as a director.  RJN, Ex. 3 complaint in Underlying Action; See also, RJN, Ex. 1, Complaint para. 23.  The Underlying Complaint also alleges that Defendant Hamerslag became a director of Perspectium when his company—TVC Capital, LLC ("TVC")—invested $16 million in Perspectium.  RJN, Ex. 3 complaint in Underlying Action; See also, RJN, Ex. 1, Complaint para. 24.

The Underlying Complaint further alleges that, in late 2020, Defendant Hamerslag began orchestrating a merger between Perspectium and BitTitan, Inc. ("BitTitan")—a company in which TVC had invested $15 million and for which Defendant Hamerslag served as a director.  RJN, Ex. 3 complaint in Underlying Action; See also, RJN, Ex. 1, Complaint para. 25.

LEGAL\70380721\1

At the time, according to Underlying Plaintiffs, Defendant Hamerslag secretly intended to liquidate TVC's investments in Perspectium and BitTitan by having BitTitan enter into a private sale after acquiring Perspectium. Defendant Hamerslag allegedly did not recuse himself from the negotiations.  RJN, Ex. 3 complaint in Underlying Action; See also, RJN, Ex. 1, Complaint para. 26.  Underlying Plaintiffs further allege that Defendant Hamerslag intentionally overvalued BitTitan's stock for purposes of merging BitTitan and Perspectium. Underlying Plaintiffs also allege that, after the merger, BitTitan was sold to Idera, Inc. on terms advantageous to legacy BitTitan shareholders (including TVC) and disadvantageous to legacy Perspectium shareholders, such as the Underlying Plaintiffs.   RJN, Ex. 3 complaint in Underlying Action; See also, RJN, Ex. 1, Complaint para. 27.

The Underlying Plaintiffs brought the following causes of action against Defendant Hamerslag: (i) breach of fiduciary duty, (ii) aiding and abetting breach of fiduciary duty, (iii) negligent misrepresentation, (iv) interference with contractual relations, and (v) interference with prospective economic advantage.   RJN, Ex. 3 complaint in Underlying Action; See also, RJN, Ex. 1, Complaint para. 28.

On February 15, 2023, the court in the Underlying Lawsuit dismissed with prejudice all causes of action against Defendant Hamerslag besides the cause of action for breach of fiduciary duty, which remains pending.  See also, RJN, Ex. 1, Complaint para. 29.

According to Hamerslag, Travelers agreed to provide Hamerslag with a defense under a reservation of rights.  See, Hamerslag's Motion, 12:16-17.

### III.   LEGAL ARGUMENT

#### A.   Standard to Set Aside Entry of Default

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).   An analysis of good cause under Federal Rule of Civil Procedure 55(c) considers three factors including, (1) whether defendant engaged in culpable conduct that led to the default; (2) whether defendant had a meritorious defense; or (3) whether

1    reopening the default judgment would prejudice defendant.  *American Ass'n of*
2    *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000).  Because
3    these three factors are disjunctive, the district court is free to deny the motion "if any
4    of the three factors was true."  *American Ass'n of Naturopathic Physicians v.*
5    *Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000).

6    Under Rule 55(c), the party seeking to vacate a default judgment bears the
7    burden of demonstrating that these factors favor vacating the judgment.  *Cassidy v.*
8    *Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988).  Here, the Court may deny Hamerslag's
9    motion because Hamerslag is culpable, and does not have a valid defense.

10    **B.    Hamerslag is Culpable**

11    Hamerslag does not dispute that he was served with the complaint and did not
12    intend to defend himself in this action.  There is also no dispute that Hamerslag's
13    counsel advised Scottsdale's counsel that Hamerslag would *not* be filing an answer in
14    this action.  Therefore, Hamerslag is culpable.

15    The law is clear that if a defendant "has received actual or constructive notice
16    of the filing of the action and failed to answer," his conduct is culpable.  *Franchise*
17    *Holding II, LLC. v. Huntington Restaurants Group, Inc*., 375 F.3d 922 (9th Cir. 2004)
18    citing, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685,
19    690 (9th Cir.1988) (quoting *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th
20    Cir.1987)).

21    **C.    Hamerslag Does Not Have a Valid Defense**

22    In addition to Hamerslag being culpable, he also does not have a valid defense.
23    Scottsdale seeks a declaration that the Insured v. Insured Exclusion bars coverage for
24    Hamerslag's claim.  Hamerslag contends that he has a meritorious defense because
25    "First, The Loo Family Trust is a plaintiff in the Loo case and is not an insured under
26    the Scottsdale policy. The Insured v. Insured Exclusion therefore could not apply to its
27    claim." Motion, 11:9-11.  However, the fact that the Loo Family Trust is a plaintiff in
28    the Underlying Lawsuit and is not an insured is immaterial to the application of the

7

Insured v. Insured exclusion because Mr. Loo and his wife are also plaintiffs in the Underlying Lawsuit and are insureds under the Policy.  Hamerslag ignores the plain language of the Insured v. Insured exclusion, which states that it applies to "any Claim" that is "brought or maintained by, on behalf of, in the right of, or at the direction of any Insured in any capacity, any Outside Entity or any person or entity that is an owner of or joint venture participant in any Subsidiary in any respect and whether or not collusive . . ." RJN, Ex. 1 Policy, D&O Coverage Section, § C.1.e. and Endorsement Nos. 4, 19, 20, and 21 (the "Insured v. Insured Exclusion").

The Underlying Plaintiffs brought the Underlying Lawsuit against Defendant Hamerslag for causes of action related to his conduct surrounding the transactions between Perspectium, BitTitan, and Idera, Inc.  RJN, Ex. 3, Underlying Complaint, para. 35.  Mr. Loo, one of the Underlying Plaintiffs, is a former director and officer of Perspectium, making him an Insured under the Policy.  RJN, Ex. 3, Underlying Complaint, para. 36.  Ms. Loo, one of the Underlying Plaintiffs, is a former director and/or officer of Perspectium and/or the spouse of an Insured, making her an Insured under the Policy.  RJN, Ex. 3, Underlying Complaint, para. 37.  The Loo Family Trust is a trust created by and for Mr. Loo and Ms. Loo, which brought the Underlying Lawsuit at the direction of Mr. Loo and Ms. Loo, both Insureds under the Policy. RJN Ex. 3, Underlying Complaint, para. 38.  The Insured vs. Insured exclusion bars coverage because the Underlying Lawsuit constitutes a Claim "brought or maintained by, on behalf of, in the right of, or at the direction of any Insured in any capacity[.]" RJN, Ex. 3, Underlying Complaint, para. 38.  Simply because the Loos created a family trust that is also a plaintiff in the Underlying Lawsuit does negate the application of the Insured v. Insured exclusion.

Hamerslag next contends in conclusory fashion that "[e]ven if the Insured v. Insured Exclusion did initially apply, which is denied, [the Insured v. Insured Exclusion (Dilution Claims Exception)] Endorsement restores coverage for the claims asserted in *Loo*." Motion, 11:14-16.  Hamerslag fails to explain why he believes the

8

1  Endorsement restores coverage for the Underlying Lawsuit.  Hamerslag also fails to
2  cite to any authority in support of his contention that the Insured v. Insured exclusion
3  does not apply.  This failure is fatal to Hamerslag's contention because Hamerslag
4  bears the burden of establishing that an  exception to the Insured v. Insured exclusion
5  applies.  See, *Aydin Corp. v. First State Ins. Co*., 18 Cal. 4th 1183, 1192 (1998), as
6  modified on denial of reh'g (Oct. 14, 1998) (holding that burden is on insured to prove
7  claim falls within exception to an exclusion.)  Hamerslag has not met his burden
8  because his bald assertion is insufficient to establish that the exception applies.
9  *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc*., 375 F.3d 922, 926
10  (9th Cir. 2004) (explaining that "conclusory statements that a dispute existed" are not
11  enough to justify vacating a default).

12      In making his argument, Hamerslag asks this Court to rewrite the exception to
13  delete the word "solely." However, this Court has no power to do so.  As dictated by
14  the California Supreme Court, "[i]f contractual language is clear and explicit, it
15  governs."  *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992).
16  Moreover, in interpreting a contract of insurance, a court "must give meaning to each
17  word in the contract." *F & H Const. v. ITT Hartford Ins. Co*., 118 Cal. App. 4th 364,
18  371 (2004); see also Cal. Civ. Code § 1641 ("The whole of a contract is to be taken
19  together, so as to give effect to every part . . . each clause helping to interpret the
20  other."); *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 827-828 (1990) (policy must
21  not be interpreted in a way which renders some words meaningless); *Collin v. Am.*
22  *Empire Ins. Co*., 21 Cal. App. 4th 787, 818 (1994) (all words must be given meaning).
23  Thus, the word "solely" cannot be ignored.

24      The exception for Dilution Claims found in Endorsement 4 (Amend Insured v.
25  Insured Exclusion (Dilution Claims Exception)) does not apply to the Underlying
26  Lawsuit because it is not brought by the Insureds "solely" in their capacities as
27  securities holders of Perspectium, nor is the Underlying Lawsuit "solely" based upon
28  and arising out of any actual or alleged unfair dilution of plaintiffs as securities

9

holders of the Company. Rather, plaintiffs also assert claims in the Underlying Lawsuit in their capacities as securities holders of BitTitan and for alleged wrongdoing that occurred after BitTitan acquired Perspectium, including but not limited to Mr. Loo's termination as an employee. Finally, according to the Merger Agreement, Perspectium was acquired through a merger of "Merger Sub with and into the Company." Therefore, the merger was not of the Company "with or into another entity."

Courts have consistently held that insured-versus-insured exclusions similar to the Policy's insured v. insured exclusion are unambiguous and have enforced them as written. See e.g., *Am. Med. Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 244 F.3d 715, 721-723 (9th Cir. 2001); *VierraMoore, Inc. v. Cont'l Cas. Co*., 940 F. Supp. 2d 1270, 1282-1284 (E.D. Cal. 2013) (no duty to defend due to the policy's unambiguous IvI exclusion). As the Ninth Circuit Court of Appeal has noted, "Insured versus insured exclusions are boilerplate in [D&O] and other kinds of liability policies. . .The reasonable expectations of the parties [are] that they [are] protecting against claims by outsiders, not intracompany claims." *Biltmore Assocs., LLC v. Twin City Fire Ins. Co*., 572 F.3d 663, 668 (9th Cir. 2009). Based upon the Insured v, Insured exclusion, the Policy does not provide any duty to defend or indemnify Hamerslag in the Underlying Action.

### D.    Hamerslag's Motion Should Be Denied Even in the Absence of Prejudice

"If a default judgment is entered as the result of a defendant's culpable conduct, however, we need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.1987). In *Meadows*, the Ninth Circuit upheld the district court's determination that defendants who did not answer acted culpably because they understood United States law, and even though they had been advised not to answer by a member of their state department the Court held that

LEGAL\70380721\1

"[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Id*.

The Court's decision on setting aside both entry of default is entrusted to the district court's discretion. *Savarese v. Edrick Transfer & Storage, Inc*., 513 F.2d 140, 146 (9th Cir.1975). The "court's discretion is especially broad" when considering whether to set aside an entry of default. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir.1986). This Court may deny Hamerslag's motion either because he is culpable or because he does not have a valid defense.

**E.    Hamerslag is Not Entitled to a Stay**

Hamerslag's contention that this action should be stayed is misplaced. Whether a party may have been entitled to a stay of an action if it had timely answered the complaint is immaterial to whether that same party is entitled to have entry of default set aside. *American Ass'n of Naturopathic Physicians v. Hayhurst*, supra, 227 F.3d at 1108.

Further, even if Hamerslag were entitled to have entry of default set aside (he is not), Hamerslag has failed to show that the factual issues to be resolved in this action overlap with issues to be resolved in the underlying litigation, because they do not. "[I]f the declaratory relief action can be resolved without prejudice to the insured in the underlying action—by means of undisputed facts, issues of law, or factual issues unrelated to the issues in the underlying action—the declaratory relief action need not be stayed." *Great Am. Ins. Co. v. Sup. Ct*., 178 Cal. App. 4th 221, 235–36 (2009) citing, *GGIS Ins. Services, Inc. v. Superior Court*, 168 Cal.App.4th 1493, 1505 (2008). In this case, this action can be resolved without prejudice to the defendants in the underlying action because the application of the Insured v. Insured Exclusion is based upon the allegations in the complaint filed in the underlying action, but it is not based upon any factual issue to be resolved in the Underlying Lawsuit.

The court in *Montrose Chemical Corp v. Superior Court* (Canadian Universal Ins. Co.) 25 Cal.App.4th 902 (1994) (Montrose II ), described specific ways the

11

insured is prejudiced by concurrent litigation of the declaratory and third party actions: (1) the insurer will "join forces with the plaintiffs in the underlying actions as a means to defeat coverage"; (2) the insured will be "compelled to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers"; and (3) "the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage." *Id*. at 909–910.). Because Hamerslag has failed to show that any of these factors exist here, Hamerslag would not be entitled to a stay of this action even if he timely responded to the Complaint – which he did not.

## IV.    **CONCLUSION**

For the reasons stated above, Scottsdale respectfully requests that, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, this Court deny Hamerslag's motion to set aside entry of default, and enter default judgment against Defendant Steven Hamerslag.

DATED:  May 22, 2024                    COZEN O'CONNOR

By:*/s/ Valerie D. Rojas*
Valerie D. Rojas
Attorneys for Plaintiff
SCOTTSDALE INSURANCE
COMPANY

12