UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HAMERSLAG; and PERSPECTIUM CORP.,<br><br>Defendants. | Case No.: 23-CV-780 JLS (AHG)<br><br>**ORDER (1) DENYING JOINT MOTION TO SEAL PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE, AND (2) SUA SPONTE STRIKING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 40-2)**<br><br>(ECF Nos. 40-2, 42) |

Presently before the Court is Plaintiff Scottsdale Insurance Company and Defendant Steven Hamerslag's Joint Motion to Seal Plaintiff Scottsdale Insurance Company's Request for Judicial Notice in Support of Motion for Judgment on the Pleadings ("Joint Mot.," ECF No. 42). Having carefully considered the Parties' Joint Motion, the relevant filings, and the law, the Court **DENIES WITHOUT PREJUDICE** the Joint Motion and *sua sponte* **STRIKES** Plaintiff's Request for Judicial Notice ("RJN," ECF No. 40-2).

On December 27, 2024, Plaintiff filed a Motion for Judgment on the Pleadings with an attached RJN. *See* ECF No. 40. Recognizing that Exhibit 4 to the RJN was attached in error, Plaintiff filed a Notice of Errata on January 23, 2025, replacing the erroneously filed

1  Exhibit 4 with the correct Exhibit 4.  *See* ECF No. 41.  The next day, the Parties filed the
2  instant Joint Motion asking the Court to seal the entire RJN because it "was inadvertently
3  filed with a confidential document and information."  *See* Joint Mot. at 2.  The Parties also
4  filed an Amended Request for Judicial Notice in Support of Motion for Judgment on the
5  Pleadings ("Am. RJN," ECF No. 43), this one containing the corrected Exhibit 4.

6  "[T]he courts of this country recognize a general right to inspect and copy public
7  records and documents, including judicial records and documents."  *Nixon v. Warner*
8  *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).  "Unless a particular court
9  record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the
10 starting point."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
11 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.
12 2003)).  "The presumption of access is 'based on the need for federal courts, although
13 independent—indeed, particularly because they are independent—to have a measure of
14 accountability and for the public to have confidence in the administration of justice.'"  *Ctr.*
15 *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United*
16 *States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

17 A party seeking to seal a judicial record bears the burden of overcoming this strong
18 presumption of access.  *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1135).  The
19 showing required to meet this burden depends upon whether the documents to be sealed
20 relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for*
21 *Auto Safety*, 809 F.3d at 1102.  As relevant here, the "compelling reasons" standard
22 typically applies to seal requests filed alongside motions for judgment on the pleadings.
23 *See Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-cv-02690-HSG,
24 2021 WL 3709162, at *3 (N.D. Cal. Aug. 20, 2021).

25 "In general, 'compelling reasons' sufficient to outweigh the public's interest in
26 disclosure and justify sealing court records exist when such 'court files might have become
27 a vehicle for improper purposes,' such as the use of records to gratify private spite, promote
28 public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*,

447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). For instance, "the common-law right of inspection has bowed before the power of a court to ensure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *Ctr. for Auto Safety*, 809 F.3d at 1097. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Id.* at 1181 (emphasis in original) (internal citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The movant must make this required particularized showing for each document it seeks to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136–37. If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion of the documents they believe should be sealed. *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. "[T]he court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret."

*Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135).

Besides submitting the conclusory assertion that the originally filed RJN contains confidential information, the Parties do not otherwise inform the Court what information is confidential or why public disclosure of the originally filed RJN harms either Party's interest such that it satisfies the "compelling reasons" standard for sealing a document or portion thereof.  Further, requests to seal must be narrowly tailored such that a party may not seek to seal an entire document where redaction would suffice.  *See Apex.AI*, 2023 WL 4157629, at *1 (granting a request to seal where the moving party, rather than seek to seal declarations in their entirety, identified specific paragraphs and exhibits that should be sealed); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.  Because the Parties have provided nothing more than a hollow request to seal with no apparent justification, nor have they narrowly tailored their request, the Court **DENIES WITHOUT PREJUDICE** the Joint Motion to Seal (ECF No. 42).

However, a district court "has discretion and the inherent power to strike a filing." *United States v. Alvarez*, No. 18CR1653-GPC, 2021 WL 2290787, at *1 n.1 (S.D. Cal. June 4, 2021), *aff'd*, No. 21-55826, 2024 WL 1693360 (9th Cir. Apr. 19, 2024); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("It is well established that '[d]istrict courts have inherent power to control their dockets . . . .'" (first alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998))).  Thus, because Plaintiff has filed an Amended RJN superseding the original in its entirety, thereby obviating any threat to the transparency of these proceedings from removing the originally filed RJN from public view, the Court *sua sponte* **STRIKES** Plaintiff's originally filed Request for Judicial Notice (ECF No. 40-2) filed alongside Plaintiff's Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

Dated: January 28, 2025

Hon. Janis L. Sammartino
United States District Judge